UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RYAN WILLIAM GRANGER,

                  Petitioner,
   v.                                                 9:25-CV-0536 (MAD/DJS)

SHERIFF BARNETT, Jefferson County Correctional Facility,

                  Respondent.
_____

APPEARANCES:                                          OF COUNSEL:

RYAN WILLIAM GRANGER
Petitioner, pro se
117811
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

MAE A. D'AGOSTINO
United States District Judge

### DECISION and ORDER

**I.    INTRODUCTION**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). Petitioner also remitted the statutory filing fee. Dkt. Entry for Pet. dated 05/01/25 (memorializing receipt information for the filing fee transaction).

**II.   RELEVANT BACKGROUND**

Petitioner brings this action seeking relief for alleged constitutional violations associated with his supervised release violation. Pet. at 6-7. Specifically, petitioner indicates that he was convicted of a federal crime, in the Northern District of New York, and that a warrant was executed for a violation of his supervised release on September 13, 2024. Pet.

1

at 2.  Furthermore, petitioner appears to intimate that he is still awaiting his supervised release hearing.  Pet. at 2-3, 6-7.

There are two major issues with the present pleading.  First, it is incorrectly filed and needs to be converted.  Second, it is duplicative.

Handling the issues in reverse order, it is well-settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.").  "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).  "The doctrine is also meant to protect parties from 'the vexation of concurrent litigation over the same subject matter.'"  *Id.* (quoting *Adam v. Jacob*, 950 F.2d 89, 93 (2d Cir. 1991)).  The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion.  *See generally Lopez v. Ferguson*, 361 Fed. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class).

Here, petitioner's present pleading would be duplicative of the previous federal habeas action petitioner filed pursuant to § 2241, *Granger v. Barnett*, No. 9:25-CV-0390 (DNH) ("*Granger I*"), which was then converted to a petition filed pursuant to § 2255 and is presently fully briefed and pending before Judge Hurd, *United States v. Granger*, No. 5:25-CR-0492

(DNH) ("*Granger II*"), Dkt. Nos. 81 & 83.[1]  Both of these pleadings arise from petitioner's present custody, challenge his parole revocation, and seek relief related to that revocation. *Compare* Pet. at 1-3, 6-7 *with Granger I*, Dkt. No. 1, Petition, at 2,7 *and Grefer II*, Dkt. No. 81 at 1-12.

In sum, petitioner is advised that he **may not** file multiple petitions challenging the same incarceration.  Rather, he must allow the action filed as *Grefer II* to proceed to its natural conclusion.  Accordingly, this action will be dismissed.

## III.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Petition, Dkt. No. 1, is **DISMISSED** without prejudice as a duplicate of petitioner's prior petition in *Granger I,* No. 9:25-CV-0390 (DNH), which was converted and is now the presently pending petition in *Granger II*, 5:17-CR-0043 (DNH), Dkt. No. 81; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  May 7, 2025
            Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1]  As previously explained in *Granger I*, Dkt. No. 2, the fact that Petitioner has invoked section 2241 does not require the Court to so construe it.  Rather, "'it is the substance of the petition, rather than its form, that' governs." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)(quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)).  In sum, "[i]t is well settled that a district court may convert a § 2241 petition to a § 2255 motion in appropriate circumstances." *Ching v. United States*, 298 F.3d 174, 176 (2d Cir. 2002) (citing cases).  Here, any decision related to the revocation of petitioner's supervised release deals exclusively with petitioner's federal criminal sentence.  Accordingly, the controlling statute to properly adjudicate this claim is actually § 2255.  *See also Geritano v. United States*, No. 03-CR-0970, 2023 WL 3499511, at *1 (E.D.N.Y. May 17, 2023) (identifying petitioner's proper challenge to his sentence for violating the conditions of his supervised release to be a habeas petition pursuant to § 2255, and construing a subsequently filed § 2241 petition as an amended § 2255 petition).